**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **NARDY FABIANA PEREZ-VILLAFANE #A213-579-013** | **CASE NO. 6:26-CV-04403 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN SOUTH LOUISIANA I C E PROCESSING CENTER** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the court is a Motion for Temporary Restraining Order [doc. 2] filed by immigration detainee Nardy Fabiana Perez-Villafane, in connection with her pending petition for writ of habeas corpus. *See* doc. 1. Petitioner, a native and citizen of Venezuela, alleges that she was taken into immigration custody on July 30, 2026, and denied release on bond after a hearing before an immigration judge in September 2026. Doc. 1, p. 2; doc. 1, att. 2, p. 7. Through her habeas petition she seeks immediate release. Doc. 1. Through the instant motion she requests "appropriate protection against an unnecessary transfer that would substantially interfere with [her] ability to communicate with the Court" and "protection of reasonable access to legal correspondence and institutional mailing procedures necessary to prosecute this action." Doc. 2, p. 1.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction

might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Given the high number of habeas petitions pending in this district, petitioner's request would create too great of an administrative burden. Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). Courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-person hearings, and without a petitioner's physical presence in a nearby facility. Additionally, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243–44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no

protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Finally, the court presently has no basis to doubt the petitioner's ability to receive legal mail at the facility where she is housed. Accordingly, **IT IS ORDERED** that the Motion [doc. 2] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 26th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**